**MAHONEY et al., Appellees,**

v.

**WESTFIELD INSURANCE COMPANY, Appellant.**

[Cite as *Mahoney v. Westfield Ins. Co.* (1997), 124 Ohio App.3d 639.]

Court of Appeals of Ohio,
Tenth District, Franklin County.

No. 97APE07–890.

Decided Dec. 30, 1997.

**640**

*Keener, Doucher, Curley & Patterson* and *Paul Michael Doucher,* for appellees.

*Isaac, Brant, Ledman & Teetor, J. Stephen Teetor* and *Timothy S. Rankin,* for appellant.

---

DESHLER, Judge.

Defendant-appellant, Westfield Insurance Company ("Westfield"), appeals from a judgment of the Franklin County Court of Common Pleas releasing certain

interpleaded funds in the amount of $305,836.86 plus interest to plaintiff-appellee, Mary Mahoney.

Plaintiffs in the action underlying this appeal, Timothy and Mary Mahoney, husband and wife, were both injured in an automobile collision caused by the negligence of an underinsured motorist. At the time of the accident, plaintiffs were covered by an automobile insurance policy issued by Westfield which included underinsured and uninsured motorist coverage ("UM/UIM").

Plaintiffs owned three automobiles that were insured under the policy; the declarations page of the policy indicates that two vehicles were covered by UM/UIM provisions, for which plaintiffs paid separate annual premiums for each of the two cars. The third vehicle owned by plaintiffs was not listed on the declaration page as covered by underinsured motorist insurance, and no premium was paid for it.

After accepting the tortfeasor's limit of liability insurance coverage, plaintiffs attempted to make separate underinsured motorist claims for their respective personal injuries under what they asserted were two separate underinsured motorist coverages listed on the declaration page of their policy with Westfield, one for each covered vehicle. The plaintiffs' individual claims were each based solely upon their own injuries and did not include any damages arising out of the other's injuries. Westfield partly denied the plaintiffs' claims, relying on language in the policy which limited recovery to $300,000 per accident regardless of the number of vehicles or persons insured on the declaration page.

Plaintiffs brought a declaratory judgment action seeking a ruling that they were entitled to two separate and distinct underinsured motorist coverages with a separate per accident limit of $300,000. Conceding that it was liable for, at a minimum, the $300,000 per accident global limitation under the policy, Westfield voluntarily interpleaded the sum of $305,836.86 with the Franklin County Common Pleas Clerk on November 26, 1996. The issue of the extent of coverages was then decided on cross-motions for summary judgment, the trial court rendering a decision on March 21, 1997, in favor of Westfield, finding that plaintiffs were limited to a maximum recovery under the policy of $300,000 for their combined injuries.

Subsequent to the trial court's decision on the policy limits issue, plaintiffs filed a motion to have the interpleader funds released solely to Mary Mahoney. Westfield opposed this motion on the grounds that Mary Mahoney's injuries and provable damages, although never established in court due to the nature of the proceedings, were less than $300,000, and releasing all the funds to Mary Mahoney would expose Westfield to paying the plaintiffs more money than they were due under the policy, should the trial court's decision with respect to coverage limits be reversed upon appeal. The trial court nonetheless granted

plaintiffs' motion to release the entire interpleaded funds to Mary Mahoney, by order entered on March 12, 1997.

Two issues have thus arisen out of this case and have given rise to two separate appeals before this court. The plaintiffs appealed the trial court's determination in the declaratory judgment action that their limit of coverage under the policy was $300,000. That matter was considered by this court in the case of *Mahoney v. Westfield Ins. Co.* (Dec. 18, 1997), Franklin App. No. 97APE05–651, unreported, 1997 WL 781898 ("*Westfield I*"), wherein we held in favor of Westfield on the coverage limits. In contrast, the appeal presently before the court is exclusively concerned with the trial court's decision to release the interpleaded funds in their entirety to Mary Mahoney individually. Westfield has timely appealed from that decision and brings the following assignment of error:

"The trial court erred and abused its discretion in releasing interpleader funds solely to appellee, Mary Mahoney."

Westfield argues that it has an ongoing interest in the distribution of interpleaded funds due to the pending coverage limit issues, and thus had standing both to intervene in the court's distribution of the funds below and to pursue this appeal from the trial court's decision. Westfield's objection to the court's distribution of the entire interpleaded amount to Mary Mahoney, regardless of the value of her personal injury claim, is that this exposes Westfield to payment of more than would be due under the policy, if the trial court's determination of coverage limits were reversed upon appeal.[1] Westfield contends, and we accept for purposes of illustration, that the value of Mary Mahoney's claim is significantly less than $300,000. If the $600,000 policy limit, twice $300,000, were found applicable in this case based on two premiums paid on the two vehicles, Westfield would nominally be exposed, considering each claimant's personal injury separately, to the extent of $300,000 for Timothy Mahoney, whose injuries are likely in excess of that amount, plus some lesser amount, for example $50,000, for Mary Mahoney's injuries, for a total disbursement of $350,000.

Because the entire interpleader amount of $300,000 has been disbursed to Mary Mahoney, however, the potential exposure for Westfield increases dramatically in case of an eventual reversal by the Ohio Supreme Court and remand to the trial court with instructions to find two independent, $300,000 UM/UIM

---

1. We note that the decision by this court in the parallel case, *Westfield I, supra,* largely moots the interpleader distribution issues in the case before us, since our determination in *Westfield I* that the global limit of coverage amount is limited to $300,000 eliminates any potential for additional exposure on the part of Westfield. Nonetheless, resolution of the interpleader distribution issue is necessary and the cause is still ripe for adjudication, in order to preserve Westfield's right of appeal should the coverage issue eventually be appealed to the Supreme Court of Ohio.

motorist coverages under the policy. Westfield would then be liable for a further $300,000 claim for Timothy Mahoney's injuries, Mr. Mahoney not having received any compensation from the interpleaded funds. Westfield would accordingly seek to have the trial court release the funds jointly to Mary and Timothy Mahoney, thus limiting the insurer's exposure should the higher coverage limit be found to apply.

Interpleader in Ohio in governed by Civ.R. 22, which provides as follows:

"Persons having claims against the plaintiff may be joined as defendants and required to interplead when their claims are such that the plaintiff is or may be exposed to double or multiple liability. It is not ground for objection to the joinder that the claims of the several claimants or the titles on which their claims depend do not have a common origin or are not identical but are adverse to and independent of one another, or that the plaintiff avers that he is not liable in whole or in part to any or all of the claimants. A defendant exposed to similar liability may obtain such interpleader by way of cross-claim or counterclaim. The provisions of this rule supplement and do not in any way limit the joinder of parties permitted in Rule 20.

"In such an action in which any part of the relief sought is a judgment for a sum of money or the disposition of a sum of money or the disposition of any other thing capable of delivery, a party may deposit all or any part of such sum or thing with the court upon notice to every other party and leave of court. The court may make an order for the safekeeping, payment or disposition of such sum or thing."

Plaintiffs assert that, once funds are interpleaded with the court, the stakeholder interpleading the funds relinquishes any right to control the court's eventual disposition of the funds. Plaintiffs cite as authority for this proposition *Atkinson v. Metro. Life Ins. Co.* (1926), 114 Ohio St. 109, 150 N.E. 748, in which the court stated:

"In the event of a controversy between a former named beneficiary and a new beneficiary, if the insurance company interpleads in an action by a claimant to recover the proceeds of the policy it thereby waives any interest in the outcome of the action and thereupon the cause shall proceed between the respective claimants uninfluenced by any rights or interests of the insurance company." *Id.,* paragraph five of the syllabus.

*Atkinson* appears to remain the law of Ohio on this aspect of interpleader, being cited and relied upon more recently in *Kabbaz v. Prudential Ins. Co. of Am.* (1985), 27 Ohio App.3d 254, 256, 27 OBR 297, 298–299, 501 N.E.2d 43, 45. Westfield has advanced no case or authority, nor has our research discovered any, which supports the proposition that the stakeholder, once funds are inter-

pleaded, may attempt to direct the disposition of the funds by the trial court. The paucity of authority on this issue can be taken as directly related to the circumstances of the case before us which made the matter perhaps unsuitable for interpleader; that is, that the limits of coverage remained in controversy at the time the amount was interpleaded.

As this court has recognized, "an interpleader action is available to a party who may be exposed to double or multiple liability for an admitted debt." *Lincoln Natl. Life Ins. Co. v. Taylor* (June 17, 1993), Franklin App. Nos. 92AP–1724 and 92AP–1725, unreported, 1993 WL 212849. Although the outcome for appellant would appear undeniably harsh, were the eventual policy limits to be set at $600,000,[2] in the present case, Westfield undertook the interpleader action on the theory that the $300,000 was an admitted debt (which the coverage dispute has rendered doubtful given the eventual disposition of the funds by the trial court). Nonetheless, Westfield chose to interplead the entire limits of the policy with the court.

Under Civ.R. 22, disposition of the interpleaded funds is at the trial court's discretion. Under the rule of law in *Atkinson*, Westfield as the stakeholder bringing the interpleader action has no standing to dispute the eventual disposition of funds by the trial court. Westfield's assignment of error is accordingly overruled, and the judgment of the Franklin County Court of Common Pleas directing distribution of the interpleaded funds to Mary Mahoney is affirmed.

*Judgment affirmed.*

TYACK, P.J., and PETREE, J., concur.

---

2. The parties have not briefed, nor is the issue properly before us, the question of whether the trial court would retain equitable powers, if the matter were remanded from the Ohio Supreme Court with the policy limit set at $600,000, to revisit its prior disbursement of the funds to Mary Mahoney and equitably allocate a portion of those to Timothy Mahoney's injuries, and we accordingly do not decide that issue.