**HINES, Appellant,**

v.

**RILEY et al., Appellees.**

[Cite as *Hines v. Riley* (1998), 129 Ohio App.3d 379.]

Court of Appeals of Ohio,
Fourth District, Athens County.

No. 97CA55.

Decided Aug. 13, 1998.

*John P. Lavelle,* for appellant.[1]

KLINE, Judge.

Pamela Hines appeals the Athens County Municipal Court's judgment in her favor in the amount of $1,213.39. Hines asserts that the trial court erred when it failed to hold Brent Riley and Eric Straight responsible for the entire amount due under their lease agreement with Hines, and instead held them liable for only half the amount due. We agree, because the trial court saddled Hines with the burden of proving that she attempted to mitigate her damages, though the burden of proof for affirmative defenses lies with the party asserting the defense. Hines also asserts that she is entitled to recover her reasonable attorneys fees pursuant to R.C. 5321.05(C) and that the trial court erred by failing to award her attorney fees. We disagree, because R.C. 5321.05(C) provides for recovery only of those attorney fees related to violations of R.C. 5321.05(A) and (B). Accordingly, we reverse in part and affirm in part the judgment of the trial court.

I

Riley and Straight signed a lease holding them jointly and severally liable for quarterly rental payments of $1,500 for the university academic quarters between July 3, 1996, and June 15, 1997. Riley and Straight paid rent for the first two quarters, but neither paid rent for the last two quarters. Both moved out of the apartment immediately prior to the start of the third quarter, but did not inform Hines that they had moved.

After repeated attempts to reach Riley and Straight by phone regarding their late rent payments for the third quarter, Hines sent each a certified letter demanding payment. Hines went to the apartment on February 3, 1997, and found it abandoned. By that time, the university's winter quarter was underway and most prospective tenants had secured housing. Hines took photographs that documented that some furniture was broken and that the apartment required cleaning before she could rent it. Straight admitted that he did not sweep the floor before he left and that he abandoned a chair, some laundry, and a pair of ski boots. Both Riley and Straight denied that the furniture was more damaged when they left than when they took possession of the apartment. Hines also

---

1. Brent A. Riley and Eric Straight represented themselves *pro se* at trial. Neither entered an appearance in this appeal.

learned that Riley and Straight had abandoned the apartment without paying their gas bill, upon which they owed $84.99.

Hines saved the receipts from advertisements she ran in the Ohio University Post on March 30, 1997, and April 1, 1997, to document her attempts to rent the apartment for the university's spring quarter. Hines testified at trial that she also ran advertisements in the Athens News, but she did not have receipts documenting the dates or costs of those advertisements. Hines received calls in response to the advertisements and showed the apartment several times, but did not find a new tenant. Thus, the apartment remained vacant for the entire remainder of Riley and Straight's lease.

Hines filed a complaint seeking $1,500 for winter quarter rent, $1,500 for spring quarter rent, $100 for repairing the broken furniture and cleaning, $84.99 for the unpaid gas bill, $28.40 for the March advertisement in the Ohio University Post, $46.50 for the April advertisement in the Ohio University Post, and $400 for attorney fees. Hines stipulated that Riley and Straight's security deposits, totaling $500, offset her claim.

At trial, Riley and Straight stipulated that they had breached the lease, but argued that Hines did not make any efforts to mitigate the damages by leasing the apartment to a new tenant. Riley and Straight testified that they were not aware of the newspaper advertisements Hines had run, and presented no evidence to support their contention that Hines had failed to attempt to rent the apartment. Riley and Straight did present evidence that during the first and second quarters, Hines frequently showed their apartment to prospective tenants for the following school year.

The trial court held Riley and Straight jointly and severally liable to Hines for the third quarter rent, repairs, cleaning and garbage removal, the unpaid gas bill, and the cost of the March newspaper advertisement. Though the record contains no evidence regarding when the university spring quarter began, the trial court noted that spring quarter generally begins around the end of March. Therefore, the trial court found that Hines should have started advertising the apartment in February in order to rent it for the spring quarter. The trial court held that Hines had not made a reasonable effort to rent the apartment for spring quarter, and declined to award Hines the fourth quarter rent and the cost of the April newspaper advertisement.

The trial court further held that the amount of attorney fees Hines requested seemed "fairly reasonable." However, the trial court determined that Hines was not entitled to recover attorney fees under Ohio law. Therefore, the trial court declined to award the attorney fees that Hines requested.

Hines appeals, asserting the following assignments of error:

"I. The trial court erred in failing to award a judgment for the balance of the lease.

"II. The trial court erred in failing to award attorney fees which it found to be reasonable."

## II

■ Hines asserts that the trial court erred in finding that she did not make reasonable efforts to lease the apartment to a new tenant because Riley and Straight, who bore the burden of proving that affirmative defense, presented no evidence that she failed to mitigate her damages.

■ In Ohio, when a tenant vacates rental premises prior to the expiration of the lease term, the landlord has a duty to secure a new tenant in order to mitigate damages. *Briggs v. MacSwain* (1986), 31 Ohio App.3d 85, 86, 31 OBR 126, 127, 508 N.E.2d 1028, 1029–1030; *Stern v. Taft* (1976), 49 Ohio App.2d 405, 3 O.O.3d 463, 361 N.E.2d 279. The failure to mitigate damages is an affirmative defense. *Young v. Frank's Nursery & Crafts, Inc.* (1991), 58 Ohio St.3d 242, 244, 569 N.E.2d 1034, 1036–1037; *State ex rel. Martin v. Columbus Dept. of Health* (1979), 58 Ohio St.2d 261, 265, 12 O.O.3d 268, 270, 389 N.E.2d 1123, 1125–1126. Thus, the tenant has the burden to prove that the landlord failed to mitigate damages. See *Jones v. Consol. Rail Corp.* (C.A.6, 1986), 800 F.2d 590, 593; *Mers v. Dispatch Printing Co.* (1988), 39 Ohio App.3d 99, 104, 529 N.E.2d 958, 964–965.

■■ A landlord must make reasonable efforts to mitigate damages sustained by the tenant's breach of the lease. *Master Lease of Ohio v. Andrews* (1984), 20 Ohio App.3d 217, 220, 20 OBR 264, 266–267, 485 N.E.2d 820, 823. The term "reasonable efforts" does not require a landlord to make extraordinary efforts to find a new tenant or attempt the unreasonable or impracticable. *Foust v. Valleybrook Realty Co.* (1981), 4 Ohio App.3d 164, 168, 4 OBR 264, 268–269, 446 N.E.2d 1122, 1127–1128; *Endersby v. Schneppe* (1991), 73 Ohio App.3d 212, 596 N.E.2d 1081.

In this case, Riley and Straight had the burden of proving that Hines failed to mitigate damages. They presented evidence that many people expressed an interest in the apartment for the following school year, but no evidence regarding the demand for apartments in the middle of the school year. Nor did Riley or Straight present evidence regarding when spring quarter began in relation to when Hines ran or should have run the newspaper advertisements.

Hines testified that she ran at least one advertisement on an unknown date, and we must presume that she ran that advertisement a reasonable period of time before the start of spring quarter. Hines's testimony that she showed the apartment to several people who responded to the advertisement constitutes

evidence that some prospective tenants were looking for housing at the time she advertised.

We find that the trial court erred as a matter of law by placing the burden upon Hines. See *Jones*, 800 F.2d at 593. Because Riley and Straight presented no evidence that Hines failed to make reasonable efforts to mitigate her damages, we find that Hines is entitled to the entire amount of damages she incurred as a result of their breach of the lease agreement. For the same reason, we find that the trial court erred in holding that Riley and Straight were not responsible for rent payments for the spring quarter of 1997.

Accordingly, we sustain Hines's first assignment of error.

### III

In her second assignment of error, Hines asserts that the trial court erred as a matter of law by refusing to award reasonable attorney fees to her. Hines asserts that she is entitled to her reasonable attorney fees pursuant to R.C. 5321.05(C) because Riley and Straight failed to dispose of their garbage or clean their apartment before they abandoned it.

R.C. 5321.05(C) provides that "the landlord may *recover* any actual damages *which result from the violation*" of an obligation contained in R.C. 5321.05(A), "together with reasonable attorneys fees." (Emphasis added.) R.C. 5321.05(C). The obligations contained in R.C. 5321.05(A) include the duty to dispose of rubbish and keep the rental premises safe and sanitary.

Hines alleged in her complaint that Riley and Straight did not clean the apartment prior to abandoning it and that she spent $100 on cleaning and fixing broken furniture. Riley and Straight admitted at the outset that they failed to sweep and that they left some clothing and a chair at the apartment, but testified that they left the apartment in a safe and sanitary condition. Additionally, Riley and Straight claim that they left Hines's furniture in the same condition it was in when they received it. They did not seek to recover their $500 security deposit.

The trial court found Riley and Straight liable to Hines for the $100 she spent to clean the apartment and repair the broken furniture. The trial court did not find that Riley and Straight failed to maintain the property in a safe and sanitary condition. However, the court did comment that the items Straight abandoned had little value and were basically rubbish. Thus, the trial court arguably found that Riley and Straight violated their statutory obligation under R.C. 5321.05(A)(2) to dispose of rubbish.

Nonetheless, we find that the trial court did not err by refusing to award attorney fees to Hines. R.C. 5321.05(C) provides that the landlord can "recover" her actual damages. Here, Hines had a $500 security deposit from Riley and

Straight, which they forfeited without dispute. Thus, Hines did not need an attorney to recover the $100. The attorney fees Hines incurred were the result of Riley and Straight's abandonment of the property without notice, not the result of Hines's need for assistance in recovering actual damages caused by Riley and Straight's violating R.C. 5321.05(A)(2). Therefore, we find that the attorney fees Hines incurred do not fall within the scope of actual damages resulting from failure to keep the apartment free of rubbish as described in R.C. 5321.05.

Accordingly, we overrule Hines's second assignment of error.

## IV

In conclusion, we find that the trial court erred as a matter of law in finding that Hines failed to mitigate and in refusing to award Hines the entire amount due under the lease. However, we find that the trial court did not err in refusing to award attorney fees to Hines. Thus, we find as a matter of law that Hines is entitled to judgment in the amount of $3,000 for winter and spring quarter rent, $74.90 for newspaper advertisements, $100 for cleaning services, and $84.99 for the gas bill. We further find that Hines is not entitled to the $400 in attorney fees that she seeks. Riley and Straight shall be jointly and severally liable for a total amount of $3,259.89, offset by their $500 security deposit and any amount that they have paid to date against the trial court's original judgment.

Accordingly, we reverse in part and affirm in part the judgment of the trial court, and remand this cause to the trial court to modify the judgment in accordance with this opinion.

*Judgment affirmed in part*
*and reversed in part,*
*and cause remanded.*

PETER B. ABELE and HARSHA, JJ., concur in judgment only.