SPALDING, Appellee,

v.

COULSON et al., Appellees; Celebrezze, Appellant.*

Court of Appeals of Ohio,
Eighth District, Cuyahoga County.

No. 76666.

Decided June 14, 2001.

---

* Reporter's Note: An appeal to the Supreme Court of Ohio was allowed in (2001), 94 Ohio St.3d 1409, 759 N.E.2d 786. The cause was referred to mediation in (2002), 94 Ohio St.3d 1480, 763 N.E.2d 610. The cause was dismissed sua sponte in 95 Ohio St.3d 1434, 2002-Ohio-2084, 766 N.E.2d 1000.

372

Arthur F. Clarke; Dworken & Bernstein Co. and Gary S. Okin, for appellee.

Keith R. Kraus, for appellee Kraus & Kraus.

Dworken & Bernstein Co., L.P.A., and Gary S. Okin; Keith R. Kraus, for appellees.

Frank D. Celebrezze, for appellant.

---

JOYCE J. GEORGE, Judge.

{¶ 1} This court adopts the extensive statement of facts contained in *Spalding v. Coulson*, (Sept. 3, 1998), Cuyahoga App. Nos. 70524 and 70538, 1998 WL 564054 ("*Spalding II*"), and directs the reader to that opinion for a full description of the case history and relevant proceedings. The facts contained herein are included only to the extent that they relate to the issues raised in this appeal.

{¶ 2} This appeal, very generally, involves an escrow contract where third-party defendant/appellant James P. Celebrezze was the escrow agent, and third-party plaintiff/appellee Robert A. Coulson claims that Celebrezze breached his fiduciary duties in regard to the escrow funds. This matter was originally filed in the Cuyahoga County Court of Common Pleas in 1988, and this is the third appeal between Coulson and Celebrezze considered by this court.

{¶ 3} Celebrezze appeals from the trial court's order granting summary judgment in favor of Coulson in the amount of $55,000, and directing intervening defendants, Kraus & Kraus and Dworken & Bernstein Co., L.P.A., to deliver interpleaded funds totaling $11,219.94 to Coulson. The trial court ordered that the interpleaded funds were to be treated as a setoff against the $55,000 judgment against Celebrezze.

{¶ 4} Celebrezze claims that the trial court erred by not following this court's mandate set out in *Spalding II* by failing to:

{¶ 5}   1.   order a jury trial on damages;

{¶ 6}   2.   require Coulson to show that he has mitigated his damages;

{¶ 7}   3.   dismiss Coulson's third-party complaint for lack of subject matter jurisdiction; and,

{¶ 8}   4.   direct payment of the interpleaded funds to Celebrezze.

{¶ 9}   This court does not find error and affirms the ruling of the trial court.

{¶ 10}   Attorney Walter Spalding represented Joan Coulson in her divorce case against Robert Coulson, and eventually obtained judgment against both Joan and Robert for attorney fees charged in connection with that case. *Coulson v. Spalding* (Dec. 28, 1987), Cuyahoga C.P. No. 139803. In *Spalding II*, Spalding argued that the trial court improperly coordinated outstanding judgments against the Coulsons, such that either spouse could receive a credit for payments made by the other. Spalding asserted that irregularities in the trial court's judgment created the potential for Spalding to collect less than the total debt due. This court agreed with his argument and remanded the matter for further consideration in accordance with the following mandate:

{¶ 11}   "Following this opinion, Spalding is entitled to collect from Robert Coulson the entire remaining debt for attorney fees and interest owed to Spalding, provided that the amount does not exceed a maximum of the $71,000-judgment-plus-interest from June 6, 1988 against Robert Coulson. This amount provides a basis for the compensatory damage claim against James Celebrezze, as follows:

{¶ 12}   "Total debt ($100,000 plus statutory interest on the unpaid balance from December 28, 1987)

{¶ 13}   "Less Total payments to Spalding ($1,000 payment by RDC on April 26, 1993 plus the net amount collected from Joan Coulson in the foreclosure action plus other payments, if any)

{¶ 14}   "= Total amount of Robert's obligation, up to a maximum of $71,000 plus interest from June 8, 1988.

{¶ 15}   "The jury should be instructed that this amount, together with any other legally cognizable loss proximately caused by the breach of escrow instructions, provides the measure of compensatory damages to be awarded to Robert Coulson if the jury makes a finding of liability against James Celebrezze." *Spalding II* at 65–66.

{¶ 16}   In a footnote, the court further explained:

{¶ 17}   "Payments should be applied first to unpaid accrued interest and then to principal. The trial court should consider how to apportion interest which

accrued on this obligation during the litigation between Robert Coulson and James Celebrezze." *Spalding II* at 65–66, fn. 40.

{¶ 18} Celebrezze argued in *Spalding II* that the award of punitive damages to Coulson was not supported by the evidence and was contrary to law. Because Coulson failed to prove that he suffered compensatory damages, this court held that the punitive damages award was not supported by the evidence. In addition, the trial court failed to find "actual malice" that might otherwise support a punitive damages award. Thus, this court vacated the punitive damages award and remanded the case to the trial court for a determination of the extent of Celebrezze's liability, based on the above formula.

{¶ 19} After the Ohio Supreme Court declined to hear *Spalding II* on discretionary appeal, *Spalding v. Coulson* (1999), 84 Ohio St.3d 1475, 704 N.E.2d 581, discretionary appeal not allowed, the law firms of Kraus & Kraus and Dworken & Bernstein Co., L.P.A., filed motions to interplead $10,688.97 and $530.97, respectively, which represented amounts previously collected from Celebrezze on the judgment appealed in *Spalding II*. The trial court granted both motions, noting that "[n]o present party opposes those motions, though one litigant asserts an immediate right to the funds." Opinion and Order on motions by Kraus & Kraus and Dworkin & Bernstein Co., L.P.A., to Intervene and Interplead (Apr. 2, 1999), Vol. 2325, pg. 901. The trial court concluded that "[t]he contention by one of the litigants that he should immediately recover the proffered funds is premature[,]" and ordered the law firms to place the funds in a newly created, interest bearing savings account. Id. at 903.

{¶ 20} Coulson then filed a motion for summary judgment on his breach of fiduciary duty claim against Celebrezze. Attached to Coulson's motion was Spalding's affidavit stating that he had settled his attorney-fee dispute with Coulson for $55,000. Celebrezze filed a motion for summary judgment asserting an entitlement to the interpleaded funds, and a motion to dismiss the breach of fiduciary duty claim, averring only that Coulson's check to Spalding for $55,000 had never been negotiated.

{¶ 21} The trial court dismissed Spalding's claims against Coulson, granted summary judgment in favor of Coulson and against Celebrezze in the amount of $55,000, and ordered the law firms to direct delivery of the interpleaded funds to Coulson, "all of which funds shall constitute a setoff or credit to reduce * * * Coulson's judgment against * * * Celebrezze." Opinion and Order on Cross-Motions for Summary Judgment and for Interpleaded Funds (June 22, 1999), Vol. 2351, pg. 956. From this opinion and order, Celebrezze appeals.

{¶ 22} In his first assignment of error, Celebrezze claims:

{¶ 23} "I. The trial court erred in granting a summary judgment in the amount of $55,000 in favor of Robert Coulson against third-party defendant James P. Celebrezze contrary to the prior mandate from this court."

{¶ 24} Although Celebrezze himself filed a motion for summary judgment after the case was remanded pursuant to *Spalding II,* he contends that the law-of-the-case doctrine precluded the trial court from considering Coulson's motion for summary judgment because this court remanded the matter for determination by a jury. Coulson and Kraus & Kraus argue that the references in this court's opinion to a "jury trial" constitute mere dicta and the trial court's rulings on the cross-motions for summary judgment were, therefore, not contrary to this court's mandate. They also assert that Celebrezze did not raise the issue below and, therefore, waived it for appellate review.

{¶ 25} This court reviews the grant of summary judgment de novo, applying the same standard as that applied by the trial court. *Druso v. Bank One of Columbus* (1997), 124 Ohio App.3d 125, 131, 705 N.E.2d 717, 720. As stated in *Temple v. Wean United, Inc.* (1977), 50 Ohio St.2d 317, 4 O.O.3d 466, 364 N.E.2d 267, a trial court may grant a motion for summary judgment pursuant to Civ.R. 56(C) when the following elements are satisfied:

{¶ 26} "(1) No genuine issue as to any material fact remains to be litigated; (2) the moving party is entitled to judgment as a matter of law; and (3) it appears from the evidence that reasonable minds can come to but one conclusion, and viewing such evidence most strongly in favor of the party against whom the motion for summary judgment is made, that conclusion is adverse to that party." Id. at 327, 4 O.O.3d at 471–472, 364 N.E.2d 267; accord *Zivich v. Mentor Soccer Club* (1998), 82 Ohio St.3d 367, 369–370, 696 N.E.2d 201.

{¶ 27} Under the law-of-the-case doctrine, the " 'decision of a reviewing court * * * remains the law of that case on the legal questions involved for all subsequent proceedings in the case at both the trial and reviewing levels.' " *Pipe Fitters Union Local No. 392 v. Kokosing Constr. Co., Inc.* (1998), 81 Ohio St.3d 214, 218, 690 N.E.2d 515, 518, quoting *Nolan v. Nolan* (1984), 11 Ohio St.3d 1, 11 OBR 1, 462 N.E.2d 410, 412. The rule is necessary to ensure consistency of results but it will not be applied so as to achieve unjust results. "Thus, where at a rehearing following remand a trial court is confronted with substantially the same facts and issues as were involved in the prior appeal, the court is bound to adhere to the appellate court's determination of the applicable law." *Nolan,* 11 Ohio St.3d at 3, 11 OBR at 2–3, 462 N.E.2d at 413.

{¶ 28} The references to jury determinations in this court's opinion in *Spalding II* are not mandates to the trial court to conduct a jury trial, but, rather, are guidelines intended to assist the trial court, should this matter have proceeded to

trial by jury. These instructions did not preclude the trial court from disposing of any remaining claims by way of summary judgment if that procedure was otherwise appropriate on new motions. Coulson's supporting evidentiary materials (Spalding's affidavit and copy of his settlement check) presented facts different from those asserted in the previous motions for summary judgment. Because the trial court's decision regarding the motion for summary judgment at issue here involves facts not substantially similar to those raised in previous motions, the law-of-the-case doctrine does not require a jury trial on the issue of compensatory damages.

{¶ 29}   The first assignment of error is, therefore, overruled.

{¶ 30}   In his second assignment of error, Celebrezze claims:

{¶ 31}   "II.   The trial court erred in granting a summary judgment in the amount of $55,000 in favor of Robert Coulson and against third-party defendant James P. Celebrezze where Robert Coulson failed to satisfy his initial burden that no genuine issue of material fact existed."

{¶ 32}   Celebrezze states that the judge incorrectly required him to come forward with evidence showing that Coulson failed to mitigate damages when he settled the claim for attorney fees late in the litigation, rather than require Coulson to show there was no question of material fact on the issue.

{¶ 33}   Preliminarily, we note:

{¶ 34}   " 'The failure to mitigate damages is an affirmative defense in Ohio. *Young v. Frank's Nursery & Crafts, Inc.* (1991), 58 Ohio St.3d 242, 244, 569 N.E.2d 1034.   The burden of proving a failure to mitigate damages lies with the party asserting the defense.   *Hines v. Riley* (1998), 129 Ohio App.3d 379, 717 N.E.2d 1133.   It has been held that reasonable efforts must be made to mitigate damages, not extraordinary efforts.   *Id.*   Where the court determines that the nonbreaching party has failed to mitigate and has placed the burden on the nonbreaching party, the court errs as a matter of law.   *Hines, supra.*' "   *Carter v. New Buckeye Redevelopment Corp.* (Sept. 7, 2000), Cuyahoga App. No. 76682, 2000 WL 1281249.

{¶ 35}   Coulson attached an affidavit authored by Spalding to his motion for summary judgment which established his settlement with Coulson for $55,000. Celebrezze initially argued that the settlement check had never been negotiated, which was conclusively disproven by Spalding's affidavit and a submitted copy of Coulson's negotiated check.   Celebrezze does not take issue with the judge's calculation of damages;   he merely asserts that Coulson held the burden of showing that he mitigated his damages.   Based upon *Carter*, quoted above, the judge did not err in concluding that Celebrezze had the burden of proof on the

mitigation issue. Since Spalding's uncontradicted affidavit and Coulson's copy of his negotiated check eliminates any question of material fact as to his entitlement to damages awarded according to the formula set forth in *Spalding II,* the second assignment of error is overruled.

{¶ 36} In his third assignment of error, Celebrezze asserts the following:

{¶ 37} "III. The trial court erred in denying James P. Celebrezze's motion for summary judgment and for failing to dismiss Robert Coulson's third-party claim against him on the basis that no valid third-party claim was presented."

{¶ 38} Celebrezze argues that the judge did not have subject matter jurisdiction on Coulson's third-party claim because it is not a proper contribution or indemnity claim. In response, Coulson argues that what might be, at most, an irregularity in pleading cannot be elevated to a jurisdictional defect.

{¶ 39} In pertinent part Civ.R. 14(A) provides that "[a]t any time after commencement of the action a defending party, as a third-party plaintiff, may cause a summons and complaint to be served upon a person not a party to the action who is or may be liable to him for all or part of the plaintiff's claim against him." In order to bring a third-party claim under Civ.R. 14(A), the claim must be derivative of the outcome of the main claim. *Renacci v. Martell* (1993), 91 Ohio App.3d 217, 220, 632 N.E.2d 536. A third-party claim is inappropriate where the right or duty set forth in the third-party complaint alleged to have been violated does not emanate from the plaintiff's claim but exists wholly independent of it. Id., citing *Southeast Mtge. Co. v. Mullins* (C.A.5, 1975), 514 F.2d 747, 750. Thus, "[i]n order to be the proper subject of a third-party action, the alleged right of the defendant to recover, or the duty allegedly breached by the third-party defendant, must arise from the plaintiff's successful prosecution of the main action against defendant." Id. at 221, 632 N.E.2d at 538.

{¶ 40} In *Spalding I, Spalding v. Coulson* (1995), 104 Ohio App.3d 62, 661 N.E.2d 197 ("*Spalding I*"), this court wrote that Coulson "failed to comply with obligations set forth in the assignment and agreement, whereas * * * Celebrezze breached a fiduciary duty with regard to the $100,000 escrow account." This court concluded that, as a matter of law, indemnification was not permitted because Coulson and Celebrezze acted independently of each other and were responsible for the results of their own individual negligence. Id.

{¶ 41} In *Spalding II,* this court determined that "* * * Coulson is entitled to recover compensatory damages only for losses caused by the breach of fiduciary duty. * * *" *Spalding II* at 29–30. This court concluded that Celebrezze was liable for damages due to noncompliance with the escrow instruction, but a question remained regarding the amount of those damages.

{¶ 42} Although his liability was established, Celebrezze now challenges Coulson's joinder of the third-party claims against him. While a court is required to dismiss an action where it appears that it lacks jurisdiction of the subject matter, see Civ.R. 12(H)(3), the alleged improper assertion of Coulson's breach of fiduciary duty claim relates to a procedural irregularity in bringing a third-party claim under Civ.R. 14(A)—it does not relate to the court's subject matter jurisdiction. If Coulson had filed his breach of fiduciary duty claim against Celebrezze separately, the General Division of the Cuyahoga Court of Common Pleas would have had subject matter jurisdiction over the claim. See R.C. 2305.01.

{¶ 43} In addition, Celebrezze could have disputed Coulson's allegedly improper third-party claim at the time he filed his third-party answer in 1991 and/or prior to the first appeal filed in 1993. To that extent, the law-of-the-case doctrine precludes Celebrezze from challenging the procedural defect at this point in time. See *Pipe Fitters Union Local No. 392 v. Kokosing Constr. Co.* (1998), 81 Ohio St.3d 214, 218, 690 N.E.2d 515. The third assignment of error is overruled.

{¶ 44} In his fourth assignment of error, Celebrezze asserts as follows:

{¶ 45} "IV. The trial court erred in granting Robert Coulson's motion for summary judgment and in denying James P. Celebrezze's motion for summary judgment regarding the interpleaded funds collected on an invalid judgment, and in ordering the intervening parties to pay such funds to Robert Coulson."

{¶ 46} Celebrezze argues that, because this court reversed and remanded this dispute to the trial court in *Spalding II*, the prior judgment against him was invalid and, therefore, the interpleaded funds should have been returned directly to him upon remand. Coulson responds that Celebrezze could not assert entitlement to the funds until the trial court determined the extent of his established liability.

{¶ 47} Civ.R. 22 provides:

{¶ 48} "In such an action in which any part of the relief sought is a judgment for a sum of money or the disposition of a sum of money * * *, a party may deposit all or any part of such sum * * * with the court upon notice to every other party and leave of court. The court may make an order for the safekeeping, payment or disposition of such sum or thing."

{¶ 49} The disposition of interpleaded funds under Civ.R. 22 is at the discretion of the judge. *Mahoney v. Westfield Ins. Co.* (1997), 124 Ohio App.3d 639, 644, 707 N.E.2d 26.

{¶ 50} Celebrezze did not request the return of those funds upon the reversal of the judgment against him in *Spalding II;* rather, he specifically noted in his

April 29, 1999 motion for summary judgment that he had no objection to the law firms' requests to interplead the disputed funds. Assuming arguendo that Celebrezze was entitled to immediate possession of those funds, his acquiescence to the Civ.R. 22 interpleader waived his claim of error here.

{¶ 51} In any event, we cannot conclude that the trial court abused its discretion in releasing the funds to Coulson. At the time Kraus & Kraus and Dworken & Bernstein interpleaded their funds ($10,688.97 and $530.97, respectively), Celebrezze's liability to Coulson had been established, with only damages yet to be determined. The trial court correctly granted Coulson's motion for summary judgment, supra. Because the amount of Celebrezze's liability ($55,000) exceeded the amount of the interpleaded funds, he is not entitled, as a matter of law, to any of those funds; rather, according to the mandate of *Spalding II,* the interpleaded funds represent a setoff against his total liability. Therefore, the judge did not abuse his discretion in ordering the law firms to deliver the interpleaded funds to Coulson and credit Celebrezze with those funds to reduce the judgment against him. The fourth assignment of error is overruled.

Judgment affirmed.

GREY and MILLIGAN, JJ., concur.

JOYCE J. GEORGE, J., retired, of the Ninth Appellate District, sitting by assignment.

LAWRENCE GREY, J., retired, of the Fourth Appellate District, sitting by assignment.

JOHN R. MILLIGAN, JR., J., retired, of the Fifth Appellate District, sitting by assignment.