OPINION
{¶ 1} Plaintiff-appellant, Applecrest Village Limited Partnership, appeals from a decision of the Mahoning County Area Court Number 2 ordering the return of defendant-appellee's, Hopeann Yaple's, $495 security deposit and denying appellant's claims.
 {¶ 2} The parties in this case entered into a one-year lease commencing January 10, 2000 and ending December 31, 2000. Appellee gave appellant a $495 security deposit for the apartment. The lease obligated appellee to pay appellant $450 monthly for rent and $45 monthly for water/sewage fees for a total of $495 per month. Appellant asserts appellee stopped paying rent in May and vacated the apartment in September 2000. It further asserts that appellee damaged the apartment while draining her waterbed. Appellant applied appellee's security deposit to the rent owed.
 {¶ 3} On December 14, 2000, appellant brought this small claims action against appellee to recover unpaid rent and other damages. The case proceeded to a hearing before a magistrate. The magistrate found that appellant failed to produce a written copy of the lease. He further found that appellant failed to mitigate its damages and failed to comply with R.C. 5321.16, which requires landlords to inform tenants of deductions taken from their security deposits. The magistrate ruled that appellant was to refund appellee's $495 security deposit. Appellant filed objections to the magistrate's decision. On September 24, 2001, the trial court overruled appellant's objections and adopted the magistrate's decision. Appellant filed its timely notice of appeal on October 23, 2001.
 {¶ 4} At the outset, we note appellee has failed to file a brief in this matter. Therefore, we may accept appellant's statement of the facts and issues as correct and reverse the judgment if appellant's brief reasonably sustains such action. App.R. 18(C).
 {¶ 5} Additionally, we should note appellant states in its brief that the magistrate recorded the hearing on a hand held tape recorder. The transcript identifies the witnesses only as "unidentified speaker" or "the witness." Appellant explains that the magistrate did not begin recording the proceeding until after appellee and Karen Ruby, appellant's leasing agent, introduced themselves. Since we are to accept appellant's statement of the facts as correct, we will accept that the unidentified witnesses are appellee and Ms. Ruby. It is possible from the context of the transcript to determine who is speaking since one witness makes statements about rent and leasing policies and the other makes statements about when she moved out and how she drained her waterbed.
 {¶ 6} Appellant raises five assignments of error, the first of which states:
 {¶ 7} "The trial court erred in finding that the plaintiff failed to produce a copy of the lease, when a complete and signed copy of the lease for the premises was attached to the complaint and the defendant admitted at the hearing that she had entered into the lease with the plaintiff."
 {¶ 8} The trial court found that appellant failed to produce a copy of the lease. Appellant argues that it attached a complete, signed copy of the lease to its complaint. Additionally, appellant notes that appellee admitted she entered into a one-year lease with appellee. (Tr. 5, 13-14). Appellant contends that even if it had not produced a copy of the lease, appellee's admission is sufficient to support its claim for rent due.
 {¶ 9} Appellant is correct in its assertions. Ms. Ruby testified that appellant entered into a lease that ran from January 2000 to December 2000 and the rent was $495.00 per month. (Tr. 3-4, 8-9). Additionally, appellee admitted she signed a one-year lease. (Tr. 14). Thus, even without a copy of the lease admitted into evidence, appellant established that the parties entered into a one-year lease with rent of $495.00 per month. Accordingly, appellant's first assignment of error has merit.
 {¶ 10} Appellant's second assignment of error states:
 {¶ 11} "The trial court erred in refusing to enter judgment in plaintiff's favor in the amount of $2,475.00 for the rent which was admittedly due and unpaid for the months of May, June, July, August, and September 2000."
 {¶ 12} Appellant argues the evidence adduced at the hearing demonstrates that appellee never paid rent for the months of May, June, July, August, and September while she was still residing in the apartment. It points to appellee's testimony that she did not move out of the apartment until September. (Tr. 7). It also points to Ms. Ruby's testimony that appellee owed $495 per month and that the last month for which appellee paid rent was April. (Tr. 3-4, 10). Appellant notes that it introduced a cash receipt journal, which further demonstrated appellee had not paid rent for May through September. Appellant argues that appellee presented no evidence that she paid any rent after April. Appellant asserts that the magistrate and trial court were confused by Ms Ruby's statement that, "the only months in dispute is [sic.] October, November, and December, because she did not move out before the beginning of the month in September." (Tr. 15). It contends that the reason there was no dispute concerning May through September is that appellee admitted she lived in the apartment during those months and the evidence clearly proved she did not pay rent for those months.
 {¶ 13} Appellant essentially argues that the trial court's judgment is against the manifest weight of the evidence. Our standard of review has been set forth by the Ohio Supreme Court in Seasons Coal Co.v. Cleveland (1984), 10 Ohio St.3d 77:
 {¶ 14} "`Judgments supported by some competent, credible evidence going to all the essential elements of the case will not be reversed by a reviewing court as being against the manifest weight of the evidence.' * * * We believe that an appellate court should not substitute its judgment that of the trial court when there exists * * * competent and credible evidence supporting the findings of fact and conclusions of law rendered by the trial judge." Id. at 80, quoting C.E. Morris Co. v. FoleyConstruction Co. (1978), 54 Ohio St.2d 279.
 {¶ 15} In addition, "[t]he trial court is entitled to make its own determination as to the weight of the evidence and, more important, credibility of the witnesses because it is in the best position to observe the witnesses' gestures and voice inflections." Rogers v. Hill
(1998), 124 Ohio App.3d 468, 470.
 {¶ 16} In this case, no competent, credible evidence exists on the record to support the trial court's decision. Ms. Ruby's testimony established the rent was $495.00 per month (except for January 2000, where the rent of $317.88 reflected a partial month), including a $45 fee for water/sewer. Appellant's cash receipt journal showed appellee made payments of $317.88 on January 31, 2000; $495 on February 2, 2000; $495 on March 6, 2000; and $495 on April 13, 2000. The cash receipt journal also shows that appellant applied the $495 security deposit towards the outstanding balance on December 12, 2000. Appellee presented no evidence of any other payments. When asked by the magistrate if she made any payments after April, appellee referenced only her security deposit. (Tr. 16). Appellee's testimony established she resided in the apartment from January 10, 2000 until sometime in September 2000. Ms. Ruby testified appellee failed to pay any rent during the months of May, June, July, August, and September of 2000.
 {¶ 17} This case does not turn on the credibility of witnesses. The undisputed evidence established appellee resided in the apartment for the months of May, June, July, August, and September and did not pay any rent for those months. The undisputed evidence also established that appellee's monthly rent was $495. Hence, the trial court erred in failing to find that appellee owed appellant rent in the amount of $2,475 for the months of May, June, July, August, and September. Accordingly, appellant's second assignment of error has merit.
 {¶ 18} Appellant's third assignment of error states:
 {¶ 19} "The trial court erred in placing the burden of proof on the issue of mitigation of damages on the plaintiff-appellant. The defendant-appellee failed to produce any evidence that the plaintiff-appellant failed to mitigate its damages, and therefore the trial court erred in failing to award the plaintiff-appellant judgment in the amount of $1,485.00 for the rent due in the months of October, November, and December 2000."
 {¶ 20} Appellant argues that the trial court improperly placed the burden of proving mitigation of damages on it. It asserts that mitigation of damages is an affirmative defense; thus, the burden of proof is on the tenant. Citing, Hines v. Riley (1998), 129 Ohio App.3d 379; Young v.Frank's Nursery Crafts, Inc. (1991), 58 Ohio St.3d 242. Appellant contends appellee produced no evidence that it failed to make reasonable efforts to lease her apartment. Appellant points out that Ms. Ruby testified it ran an advertisement in the newspaper about apartments for lease. (Tr. 10, 13). Appellant also points to Ms. Ruby's testimony that its policy was to rent apartments in the order which they became available. (Tr. 13).
 {¶ 21} Appellant is correct in asserting the burden of proof to show failure to mitigate damages is on the tenant. Spalding v. Coulson
(2001), 147 Ohio App.3d 371, 378. A landlord must make reasonable efforts to mitigate its damages but is not required to use extraordinary efforts. Carter v. New Buckeye Redevelop. Corp. (Sept. 7, 2000), 8th Dist. No. 76682. Thus, the burden was on appellee to demonstrate that appellant did not use reasonable efforts to mitigate its damages when she moved out in September.
 {¶ 22} Appellee testified that someone from appellant's office told her that she would show appellee's apartment first in an attempt to rent it out quickly. (Tr. 6, 12). Additionally, appellee testified that since her apartment was located on the first floor, it was a very desirable apartment. (Tr. 6, 13). Other than these two statements, appellee provided no evidence that appellant failed to mitigate its damages. Furthermore, Ms. Ruby testified appellant regularly advertises in the newspaper, seeking to lease its vacant apartments. (Tr. 13). She testified appellant's policy is to rent the available units in the order in which they become available. (Tr. 13). Ms. Ruby also testified to the fact appellant had numerous other empty apartments to lease at the time appellee vacated her apartment. (Tr. 10).
 {¶ 23} Given the above testimony and the fact that the burden to prove failure to mitigate damages was on appellee, the trial court erred in finding that appellant failed to mitigate its damages. Appellee did not demonstrate that appellant failed to take reasonable efforts to lease her apartment. Thus, the trial court erred in failing to find that appellee owed appellant rent in the amount of $990.00 for the months of October and November. Since appellant applied the appellee's security deposit to December's rent, appellee no longer owed rent for December. Accordingly, appellant's third assignment of error has merit.
 {¶ 24} Appellant's fourth assignment of error states:
 {¶ 25} "The trial court erred to the prejudice of the plaintiff in failing to award the plaintiff the sum of $42.50 for the damages to the apartment caused by water leaking from the defendant's waterbed."
 {¶ 26} Appellant contends that it incurred costs of $42.50 to repair the damage caused by appellee's waterbed leak. Again, appellant asserts the court's judgment is against the weight of the evidence.
 {¶ 27} Appellee testified that in order to drain her waterbed she ran a hose from the waterbed out her apartment window and someone pulled the hose out during the middle of the night resulting in water damage. (Tr. 7-8). Ms. Ruby testified appellant incurred costs of $42.50 for cleaning the water damage appellee caused draining her waterbed. (Tr. 4). This testimony clearly proved that appellee was responsible for the water damage to the apartment. Additionally, appellee did not dispute the amount appellant was required to pay to repair the water damage. Thus, the trial court erred in failing to order appellee to reimburse appellant for its repairs in the amount of $42.50.
 {¶ 28} Hence, appellant's fourth assignment of error has merit.
 {¶ 29} Appellant's fifth assignment of error states:
 {¶ 30} "The trial court erred as a matter of law in ordering the plaintiff to refund the defendant's security deposit rather than permitting the plaintiff to credit it against unpaid rent."
 {¶ 31} Appellant contends the trial court erred in finding that it failed to comply with R.C. 5321.16, which requires a landlord who withholds a security deposit to notify the tenant of such within 30 days after termination of the lease. Appellant asserts it notified appellee by certified and regular mail on December 12, 2000, that it was retaining her security deposit to apply to her past due rent. Appellant claims it never attempted to introduce the notice into evidence because neither appellee nor the magistrate ever raised an issue as to whether appellant gave proper notice.
 {¶ 32} R.C. 5312.16(B) provides in pertinent part:
 {¶ 33} "Upon termination of the rental agreement any property or money held by the landlord as a security deposit may be applied to the payment of past due rent * * *. Any deduction from the security deposit shall be itemized and identified by the landlord in a written notice delivered to the tenant together with the amount due, within thirty days after termination of the rental agreement and delivery of possession."
 {¶ 34} The trial court ordered appellant to refund appellee's security deposit, stating appellant did not submit evidence of compliance with R.C. 5321.16. However, appellee never filed a claim against appellant requesting the return of her security deposit. Additionally, she never requested the court order the return of her deposit at the hearing. In fact, appellee never raised an issue regarding her security deposit. She never contended that appellant wrongfully withheld her security deposit or that she did not owe it towards her overdue rent. The trial court took it upon itself to order the return of the security deposit. Thus, the trial court erred in ordering appellant to return appellee's security deposit.
 {¶ 35} Therefore, appellant's fifth assignment of error has merit.
 {¶ 36} For the reasons stated above, the decision of the trial court is hereby reversed. Appellant brought this claim as a small claims action. The limit on recovery for a small claims action is $3,000. R.C.1925.02(A). Therefore, although appellant's damages exceed $3,000, judgment is entered in appellant's favor in the amount of $3,000.
Vukovich and Waite, JJ., concur.