OPINION
{¶ 1} Defendants-appellants, the Silverton Board of Zoning Appeals and the city of Silverton (collectively, "Silverton"), appeal the declaratory judgment granted by the Hamilton County Court of Common Pleas in favor of plaintiffs-appellees, Performance Tool Group, Inc., Todd Helton, and Alison Helton (collectively, "Performance"), in a suit involving the construction of a billboard sign. For the following reasons, we affirm the trial court's judgment.
 The Issuance of the Variance {¶ 2} The Heltons own real property near Interstate 71 in Silverton, Ohio. Performance Tool Group, Inc., leases the property and operates a business on it.
 {¶ 3} In 2000, Performance filed an application with Silverton to construct a billboard sign on the property. Silverton denied the application, and Performance filed a request for a variance with the board of zoning appeals.
 {¶ 4} At a hearing on the request for a variance, Performance indicated that it wished to replace an existing sign with a larger, "tri-vision" billboard. On September 11, 2000, the board voted to grant the variance.
 {¶ 5} On October 11, 2000, Silverton issued a permit to Performance for the construction of the new sign. The permit did not contain a requirement that Performance remove its existing billboard sign as a prerequisite for constructing the new tri-vision sign.
 {¶ 6} In 2001, Performance began constructing the tri-vision sign. In June 2001, Silverton's building commissioner ordered Performance to remove the old sign. Performance appealed that order to the board, which upheld the removal order in a decision rendered January 23, 2002.
 {¶ 7} In 2002, Performance filed an administrative appeal of the board's decision to uphold the removal order. Performance also filed a separate action for a declaratory judgment, seeking a declaration that the permit issued in October 2000 permitted it to maintain two signs on the property. The trial court consolidated the two actions.
 {¶ 8} The court granted a declaratory judgment in favor of Performance, holding that Silverton could not enforce a restriction that had not been included in the October 11, 2000, permit.
 Exhaustion of Remedies and Waiver {¶ 9} In its first and second assignments of error, Silverton now argues that the trial court erred in not requiring Performance to exhaust its administrative remedies and in granting declaratory relief. Because these assignments raise similar issues, we address them together.
 {¶ 10} Silverton argues that Performance failed to exhaust its administrative remedies under R.C. Chapter 2506 with respect to both the September 11, 2000, decision granting the variance and the January 23, 2002, decision upholding the removal order. It further argues that declaratory relief was improper in light of Performance's failure to exhaust its R.C. Chapter 2506 remedies. Silverton contends that because Performance did not challenge the constitutionality of the zoning ordinance as a whole, but only as it applied to the specific parcel, the exhaustion requirement for seeking declaratory relief was not excused.[1]
 {¶ 11} These arguments are without merit. Concerning the September 11, 2000, decision and the issuance of the permit, Performance would have had no reason to file an appeal pursuant to R.C. Chapter 2506. From Performance's perspective, the issuance of the permit — without any restrictions such as the removal of the existing sign — was a favorable decision that it would not want to be disturbed. It was only the subsequent order concerning the removal of the existing sign that Performance deemed objectionable. As for the January 23, 2002, decision, Performance did file an administrative appeal before it filed its complaint for declaratory relief.
 {¶ 12} And in any event, Silverton failed to object to the trial court's consideration of the declaratory-judgment action before the administrative appeal was considered. On the contrary, at a hearing on the appeal and the complaint, Silverton agreed that the trial court could properly dispose of the complaint for declaratory judgment before it considered the administrative appeal. In agreeing that the claim for declaratory relief could be decided first, Silverton did not raise any objection concerning Performance's failure to exhaust its administrative remedies.
 {¶ 13} Because Silverton explicitly acquiesced to the trial court's consideration of the complaint for declaratory judgment, it waived any claim of error in that regard.[2] The first and second assignments of error are accordingly overruled.
 The Terms of the Permit {¶ 14} In the third and final assignment of error, Silverton argues that the declaratory judgment in favor of Performance was against the manifest weight of the evidence. When a party challenges a judgment in a civil case as being against the manifest weight of the evidence, an appellate court's only role is to determine whether there is some competent, credible evidence supporting the judgment.[3]
 {¶ 15} But because the gravamen of Silverton's argument is that the trial court erred as a matter of law in declaring that the board's order to remove the sign was improper, we review the judgment de novo.[4]
 {¶ 16} Here, Silverton argues that because Performance's representations before the board at the September 2001 hearing indicated that it had intended to remove the existing sign before constructing the tri-vision sign, Performance's use of its permit was subject to a restriction, and the trial court's rejection of the restriction was erroneous.
 {¶ 17} The Twelfth Appellate District addressed a similar issue inBarrett Paving Materials, Inc. v. Board of Zoning Appeals of UnionTownship.[5] In Barrett, a company obtained a conditional-use permit in 1974 to process gravel.[6]
 {¶ 18} When the company sought to begin processing gravel in 1988, the board of zoning appeals upheld the denial of a zoning certificate for mining operations, asserting that the company had represented in 1974 that it would exercise its rights to process gravel only in a five- to six-year period beginning in 1976.[7] The permit itself did not contain any time limitation.[8]
 {¶ 19} The Twelfth Appellate District held that the board of zoning appeals could not look behind the terms of the permit and rely on representations made at the hearing on the application to justify a restriction that it had not included in the permit.[9] The court emphasized that if the time limitation had been critical to the issuance of the conditionaluse permit, the board of zoning appeals should have included it in the permit itself.[10] The court held that there was no authority to amend the permit at a later date; the power to amend extended only to clerical errors and not to mistakes in judgment.[11]
 {¶ 20} We find the holding in Barrett to be persuasive. In the case at bar, the board could have easily included in the permit a condition that the existing sign be removed before the construction of the tri-vision sign could occur. Its failure to do so could not be remedied by a later assertion that the removal was the basis for the issuance of the permit.
 {¶ 21} Silverton, though, argues that Performance's representations before the board concerning the removal of the existing sign constituted what Silverton terms "invited error," in that the board was falsely induced to issue the permit. This argument is without merit. We fail to see how Performance's representations could have induced the board to omit the removal requirement from the permit if the board had deemed removal a crucial prerequisite for the construction of the new sign.
 {¶ 22} Moreover, had the Board included the removal requirement in the October 2001 permit, Performance would have had the opportunity to challenge the restriction at that time. Silverton's attempt to enforce the restriction only after Performance had begun to construct the new sign was untimely and prevented Performance from seeking redress before it had undergone the expense and effort to exercise its rights under the permit. The trial court properly rejected Silverton's attempt to amend the permit to reflect its purported intent, and the third assignment of error is overruled.
 Conclusion {¶ 23} Having overruled each of the assignments of error, we affirm the judgment of the trial court.
Judgment affirmed.
Gorman and Painter, JJ., concur.
[1] See Karches v. Cincinnati (1988), 38 Ohio St.3d 12, 16,526 N.E.2d 1350.
[2] See Hal Artz Lincoln-Mercury v. Ford Motor Co. (1986),28 Ohio St.3d 20, 502 N.E.2d 590, paragraph one of the syllabus; Spaldingv. Coulson, 147 Ohio App.3d 371, 2001-Ohio-4350, 770 N.E.2d 1060, at ¶ 50.
[3] Kaeser v. Gross, 1st Dist. No. C-010507, 2002-Ohio-4050, at ¶ 26.
[4] McClorey v. Hamilton Co. Bd. of Elections (1998),130 Ohio App.3d 621, 624, 720 N.E.2d 954.
[5] (June 24, 1991), 12th Dist. No. CA90-07-066.
[6] Id.
[7] Id.
[8] Id.
[9] Id.
[10] Id.
[11] Id., citing Helle v. Pub. Util. Comm. of Ohio (1928),118 Ohio St. 434, 161 N.E. 282.