{¶ 42} I respectfully dissent.
 {¶ 43} The failure to mitigate damages is an affirmative defense in Ohio. Young v. Frank's Nursery Crafts, Inc. (1991), 58 Ohio St.3d 242,244 (citation omitted). Accordingly, the burden of proving the failure to mitigate is placed on the party asserting the defense. State ex rel.Martin v. Columbus (1979), 58 Ohio St.2d 261, 264 ("[p]lacing the burden of proof on the wrongdoer on this issue has also been considered the majority rule and espoused by an `overwhelming weight of authority'") (citation omitted); Jones v. Consolidated Rail Corp. (C.A.6, 1986),800 F.2d 590, 593 ("the burden * * * falls on the wrongdoer to show that the damages were lessened or might have been lessened by the plaintiff); also Carpenter v. Warner (1882), 38 Ohio St. 416, at paragraph three of the syllabus ("[t]he burden of proving facts in mitigation of damages, rests on the defendants").
 {¶ 44} In the present case, it is undisputed that the defendant is the "wrongdoer," i.e. by breaching her lease with Manor Park, Delfosse bore the burden of proving that Manor Park failed to make reasonable efforts to mitigate the damages caused by her breach. Dennis v. Morgan,89 Ohio St.3d 417, 419, 2000-Ohio-211 ("[i]f the lessor has acted reasonably in attempting to secure a new tenant, the lessee is liable for the rent up to the point of the lessor's finding a new tenant, or the expiration of the lease, whichever is earlier").
 {¶ 45} The trial court committed reversible error by placing this burden upon Manor Park. The magistrate, in his Findings of Fact and Conclusions of Law, stated that "it is unclear whether the Plaintiff made reasonable effort to mitigate its damages under this particular Lease." Since the evidence in the record failed to establish the defense of mitigation, the trial court should have found against Delfosse on this issue. Instead, the trial court acted as though mitigation was an element of Manor Park's claim which had to be proven before Manor Park was entitled to damages. Spalding v. Coulson, 147 Ohio App.3d 371, 378
("[w]here the court determines that the nonbreaching party has failed to mitigate and has placed the burden on the nonbreaching party, the court errs as a matter of law") (citation omitted); Hines v. Riley (1998),129 Ohio App.3d 379, 384.
 {¶ 46} The majority seeks to avoid this conclusion through an exercise of judicial activism. The majority holds that, once it is shown that damages have not been mitigated, the burden of proof shifts to the lessor to demonstrate that it has made reasonable efforts to mitigate its damages. The majority acknowledges that its rewriting of the law is contrary to the Seventh District's decision in Applecrest Village Ltd.Partnership v. Yaple, 7th Dist. No. 01-CA-185, 2003-Ohio-695. InApplecrest, the court correctly held that "the burden of proof to show failure to mitigate damages is on the tenant." Id. at ¶ 21.
 {¶ 47} The majority's opinion is not just in conflict with the Seventh Appellate District, but also the Eighth District (Spalding,147 Ohio App.3d at 378), the Fourth District (Hines, 129 Ohio App.3d at 383), the Tenth District (Zunshine v. Wallace F. Ackley Co., 10th Dist No. 99AP-531, 2000 Ohio App. LEXIS 1302, at *15), the Second District(Snell v. Salem Ave. Assocs., 111 Ohio App.3d 23, 38), the Twelfth District (Helton v. Storms, 12 Dist. No. CA96-08-155,1996 Ohio App. LEXIS 5654, at *3), and the Fifth District (GMS Management Co. v. K K Industries, Inc., 5th Dist. No. CA 8279, 1991 Ohio App. LEXIS 2036, at *5). This writer is aware of no Ohio case that follows the majority's position.
 {¶ 48} The reasons set forth by the majority in support of its position are not convincing. Placing the burden of proving the failure to mitigate upon tenants does not require them "to prove a negative." Tenants must show that the landlord has breached its duty to mitigate by failing to take reasonable steps to rent the apartment. This burden is not qualitatively different than any other burden to show breach of a duty. Moreover, it is the same burden that defendants must bear, and have borne, in countless other commercial contexts.
 {¶ 49} The majority also argues that tenants do not have access to the business records of landlords. The magistrate noted, in his decision, that "it is unknown the number of perspective tenants the Plaintiff came in contact with and what percentage of those were actually shown this particular unit." Both the majority's concern and the magistrate's inquiry could have been addressed by the relatively simple use of discovery. For example, answers to the magistrate's queries could have been obtained through interrogatories. See Civ. R. 33.
 {¶ 50} Where a litigant has breached an agreement, it is not unreasonable to place the burden of proving that the injured party failed to mitigate its damages on the breaching party. Nor is the burden itself an unreasonable one, given that the injured party's duty to mitigate is not disputed. In the present case, Delfosse failed to raise the issue of mitigation as an affirmative defense, failed to conduct any discovery, and failed to cross-examine Manor Park's property consultant regarding its efforts to mitigate. Accordingly, the decision of the trial court should be reversed.