[Cite as *T.H. Sly, L.L.C. v. Jefferson*, 2022-Ohio-59.]

COURT OF APPEALS
STARK COUNTY, OHIO
FIFTH APPELLATE DISTRICT

| | |
|---|---|
| T.H. SLY, LLC | JUDGES:<br>Hon. Craig R. Baldwin, P.J. |
|     Plaintiff-Appellee | Hon. John W. Wise, J.<br>Hon. Patricia A. Delaney, J. |
| -vs- | |
| | Case No. 2021 CA 00058 |
| MAURICE JEFFERSON | |
|     Defendant-Appellant | O P I N I O N |

CHARACTER OF PROCEEDING:     Civil Appeal from the Court of Common
Pleas, Case No. 2020 CV 00351

JUDGMENT:     Affirmed

DATE OF JUDGMENT ENTRY:     January 10, 2022

APPEARANCES:

For Plaintiff-Appellee

DOUGLAS C. BOND
JONATHAN J. BOND
BOND LAW, LTD
600 Courtyard Centre
116 Cleveland Avenue, NW
Canton, Ohio 44702

For Defendant-Appellant

CHRISTOPHER M. NALLS
33 White Allen Avenue
Dayton, Ohio 45405

*Wise, J.*

**{¶1}** Defendant-Appellant, Maurice Jefferson ("Appellant"), appeals from the April 30, 2021, Judgment Entry by the Stark County Court of Common Pleas. Appellee is T.H. Sly, LLC. The relevant facts leading to this appeal are as follows.

### STATEMENT OF THE FACTS AND CASE

**{¶2}** On November 25, 2014, Appellant contracted with Appellee for Appellee to post a $100,000 bond in the Richland County Court of Common Pleas for recognizance of Appellant's brother, Jon Martel Jefferson. Appellant also executed an indemnity agreement agreeing to a penal amount of $100,000 and reimbursement to Appellee for actual expenses incurred due to a breach by Jon Martel Jefferson and reasonable expenses for Jon Martel Jefferson's recapturing and returning to custody.

**{¶3}** Appellant's brother was placed on electronic monitoring.

**{¶4}** On December 30, 2014, a warrant was issued for Appellant's brother, and his bond was revoked.

**{¶5}** On July 28, 2015, the bond was continued.

**{¶6}** Richland Court of Common Pleas reinstated the bond without any consent from Appellant.

**{¶7}** On February 1, 2016, Appellant's brother failed to appear for a jury trial. The Richland County Court of Common Pleas forfeited the bond, and the indemnity agreement required Appellant to pay Appellee the forfeiture judgment.

**{¶8}** Appellee originally filed a complaint in the Richland County Court of Common Pleas, but it was dismissed on August 30, 2019 without prejudice for failure to prosecute.

**{¶9}** On February 18, 2020, Appellee filed a complaint in the Stark County Court of Common Pleas against Appellant alleging breach of contract and unjust enrichment.

**{¶10}** On June 10, 2020, Appellant filed a Pro Se answer to Plaintiff's Complaint.

**{¶11}** On October 5, 2020, Appellant's Counsel filed a Notice of Appearance and a Motion for Leave to Amend Appellant's Answer.

**{¶12}** On December 10, 2020, Appellant filed an Amended Answer.

**{¶13}** On December 31, 2020, Appellant filed a Motion for Change of Venue to the Richland County Court of Common Pleas. Appellee then submitted a Response in Opposition.

**{¶14}** The trial court held a hearing on April 13, 2021, on Appellant's Motion for Change of Venue.

**{¶15}** On April 15, 2021, the trial court denied the motion.

**{¶16}** On February 5, 2021, Appellee filed a Motion for Summary Judgment.

**{¶17}** On March 5, 2021, Appellant filed a Memorandum in Opposition as well as a Countermotion for Summary Judgment.

**{¶18}** On March 22, 2021, Appellee filed a Memorandum in Opposition to Appellant's Countermotion for Summary Judgment.

**{¶19}** On April 29, 2021, the trial court granted Appellee's Motion for Summary Judgment with regards to breach of contract. Appellee waived its additional damages hearing, and the trial court granted Appellee's Motion for Summary Judgment in the amount of $100,000.

**ASSIGNMENTS OF ERROR**

{¶20} Appellants filed a timely notice of appeal and herein raises the following Assignment of Error:

{¶21} "I. THE TRIAL COURT ERRED IN GRANTING SUMMARY JUDGMENT TO THE PLAINTIFF DESPITE THE EXISTENCE OF A GENERAL ISSUE OF MATERIAL FACT AS TO WHETHER PLAINTIFF TOOK AFFIRMATIVE ACTION TO PREVENT DAMAGES."

**Standard of Review**

{¶22} With regard to summary judgment, this Court applies a de novo standard of review and reviews the evidence in the same manner as the trial court. *Smiddy v. The Wedding Party, Inc.*, 30 Ohio St.3d 35, 36, 506 N.E.2d 212 (1987). We will not give any deference to the trial court's decision. *Brown v. Scioto Cty. Bd. of Commrs.*, 87 Ohio App.3d 704, 711, 622 N.E.2d 1153 (4th Dist.1993). Under Civ.R. 56, a trial court may grant summary judgment if it determines: (1) no genuine issues as to any material fact remain to be litigated; (2) the moving party is entitled to judgment as a matter of law; and (3) it appears from the evidence that reasonable minds can come to but one conclusion and viewing such evidence most strongly in favor of the party against whom the motion for summary judgment is made, that conclusion is adverse to that party. *Temple v. Wean United, Inc.*, 50 Ohio St.2d 317, 327, 364 N.E.2d 267, 274 (1977).

{¶23} The record on summary judgment must be viewed in the light most favorable to the party opposing the motion. *Williams v. First United Church of Christ*, 37 Ohio St.2d 150, 151, 309 N.E.2d 924 (1974).

**{¶24}** The moving party bears the initial responsibility of informing the trial court of the basis for the motion and identifying those portions of the record before the trial court which demonstrate the absence of a genuine issue of fact on a material element of the nonmoving party's claim. *Dresher v. Burt*, 75 Ohio St.3d 280, 292, 662 N.E.2d 264 (1996). Once the moving party has met the burden, the nonmoving party then has a reciprocal burden of specificity and cannot rest on the allegations or denials in the pleadings, but must set forth "specific facts" by the means listed in Civ.R. 56(C) showing that a "triable issue of fact" exists. *Mitseff v. Wheeler*, 38 Ohio St.3d 112, 115, 526 N.E.2d 798, 801 (1988).

## I.

**{¶25}** In Appellant's sole Assignment of Error, Appellant argues the trial court erred by granting Appellee's Motion for Summary Judgment as a genuine issue of material fact exists as to whether Appellee could have prevented damages by reasonable affirmative action. We disagree.

**{¶26}** In Ohio, the failure to mitigate is an affirmative defense. *Young v. Frank's Nursery & Crafts, Inc.* (1991), 58 Ohio St.3d 242, 244, 569 N.E.2d 1034. The burden of proving failing to mitigate damages lies with the party asserting the defense. *Hines v. Riley* (1998), 129 Ohio App.3d 379, 717 N.E.2d 1133. The Ohio Supreme Court in *Jim's Steak House, Inc. v. Cleveland*, 81 Ohio St.3d 18, 688 N.E.2d 506 (1998), provides that a defendant waives an affirmative defense if it is not raised in a pleading or an amended pleading. *See also* Civ.R.8.

**{¶27}** In the case *sub judice*, Appellant did not assert Appellee's failure to mitigate damages in his answer or through an amended pleading. Appellant first argued

Appellee's failure to mitigate damages in his Memorandum in Opposition to Appellee's Motion for Summary Judgment. Because Appellant did not assert Appellee's failure to mitigate damages as an affirmative defense in the pleadings, we find Appellant has waived this issue pursuant to Civ.R.8(C).

**{¶28}** Appellant also asserts as an issue presented for review "WHETHER THE COURT ERRED OR ABUSED ITS DISCRETION WHEN IT DENIED THE DEFENDANT/APPELLANT'S MOTION FOR CHANGE OF VENUE?" However, Appellant fails to brief on this issue.

**{¶29}** An appellate court is empowered to disregard an assignment of error presented for review due to lack of briefing by the party presenting that assignment. *State v. Watson* (1998), 126 Ohio App.3d 316, 710 N.E.2d 340, discretionary appeal disallowed in (1998), 82 Ohio St.3d 1413, 694 N.E.2d 75.

**{¶30}** Accordingly, we find with regard to the issue presented that Appellant failed to comply with App.R. 16(A) because he failed to present reasons in support of his contentions and for his lack of briefing on this issue.

**{¶31}** Appellant's sole Assignment of Error is overruled.

**{¶32}** For the foregoing reasons, the judgment of the Court of Common Pleas of Stark County, Ohio, is hereby affirmed.


By: Wise, J.

Baldwin, P. J., and

Delaney, J., concur.


JWW/br 0104